```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

DAVID JACKSON, #39640                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:09cv141-TSL-JCS

JIM HOOD                                                 DEFENDANT

                         OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order [8] was entered on April 24, 2009, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and requiring plaintiff to pay the full filing fee of $350.00 within 30 days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

When the plaintiff failed to pay the filing fee, an order to show cause [9] was entered on June 18, 2009, directing the plaintiff to respond and pay the filing fee on or before July 6, 2009. The plaintiff has failed to pay the filing fee or contact this court concerning the payment of the filing fee.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  7th   day of August, 2009.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE